*The Atlantic Insurance Company* v. *Jose Maria Lamar.* * C. B. MOORE, for complainant; E. SANDFORD, for defendant.

<span style="margin">Effect of referring a cause to assistant vice chancellor, as to the control of the cause, and the subsequent proceedings therein</span> This was an application to the chancellor to extend the time for the defendant to put in his answer. The bill was originally filed before the chancellor, and the defendant put in a demurrer to the whole bill, which was then referred to the assistant vice chancellor of the first circuit to be heard and decided. The assistant vice chancellor overruled the demurrer and gave the defendants six months to answer the bill. The decretal order of the assistant vice chancellor was entered with the clerk of the first circuit according to the directions of the statute. (*Laws of* 1840, *p.* 263 § 3.) The complainant afterwards appealed from so much of the decretal order as allowed the six months to answer; and directed the order to be so modified as to require the defendants to answer within the usual time, with liberty to him to apply to extend the time, upon due notice to the complainant's solicitor.

The CHANCELLOR said the reference of the demurrer to the whole bill to the assistant vice chancellor carried with it the whole case; and if the demurrer had been allowed and the bill dismissed, the decree should have been enrolled and signed by the vice chancellor of the circuit where the cause was heard; that the 5th and 6th sections of the act of March, 1839, authorizing the appointment of the assistant vice chancellor were extended to this case by the amendatory act of 1840; and the order overruling the demurrer and directing the defendant to answer being entered with the clerk of the first circuit where the assistant vice chancellor held his court when the order was made, all subsequent proceedings thereon must be had before the vice chancellor of that circuit, in the same manner as if the cause had been referred to such vice chancellor and had been decided by him. The chancellor also held that the appeal from a part of the order of the assistant vice chancellor did not remove the whole cause from before the vice chancellor of the first circuit; and that the proceedings upon that appeal must therefore be remitted to such vice chancellor, and that the motion to extend the time to answer, must be made to him.

Order to remit the proceedings, and to refer the motion to vice chancellor, to be heard and determined accordingly.

* This case was decided January 4th, 1844; but the decision not being written out, at the time, it was omitted, in its proper place in this supplement. But its importance is deemed a sufficient reason for inserting it here.

PUBLISHED BY WILBUR & RICE, AT $1.00 PER ANNUM.

Vol. IV.]  DECEMBER 3, 1844.  [No. 9.

## COURT OF CHANCERY.

### DECISIONS OF THE CHANCELLOR,
#### DECEMBER 3, 1844.